## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-11662 (KBO) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) |
|  | ) |

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## GNC INTERNATIONAL HOLDINGS, INC. (CASE NO. 20-11670)

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2295); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234).  The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-11662 (KBO) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

GNC Holdings, Inc. ("*GNC*") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "*Debtors*") submit their Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*Statements*") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On June 23, 2020 (the "*Petition Date*"), the Debtors filed voluntary petitions in this Court commencing cases (the "*Chapter 11 Cases*") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number Case No. 20-11662. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234).  The Debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

Schedules and Statements from time to time as may be necessary or appropriate; but there can be no guarantees that the Debtors will do so.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.  These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "*Global Notes*") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## General Comments

1. **Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2. **Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, GNC and its affiliated debtors and debtors in possession historically prepared consolidated financial statements, which included financial information for all of its subsidiaries and which were audited annually.

   These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("*GAAP*"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.  The Schedules and Statements have been signed by Tricia Tolivar, Chief Financial Officer, for GNC. In reviewing and signing the Schedules and Statements, Ms. Tolivar necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Ms. Tolivar, either directly or indirectly. Ms. Tolivar

has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3. **Date of Valuations.**  Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash, inventory and vendor debit balances, are valued as of the Petition Date.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. In certain instances, the Debtors used estimates or prorated amounts where actual data as of the aforementioned dates was not available. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

4. **Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including (i) goodwill, (ii) certain owned property, (iii) right of use related to leased assets and (iv) intangibles may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

5. **Consignment Related Matters.**   The Debtors receive goods under consignment arrangements with certain vendors. For purposes of these Schedules, the Debtors do not claim any ownership in the consignment inventory and therefore, the value of such inventory is not reflected in the schedules and statements.

6. **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to nine years for furniture, fixtures, equipment, and software. Leasehold improvements are amortized on the straight-line method over the shorter of the lease term or estimated useful life of the asset.  Buildings and improvements are amortized on the straight-line method over the shorter of the useful life of the improvement or the remaining life of the building. The Debtors may lease equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be

construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

7.      **Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

8.      **Litigation.**  Certain litigation actions (the "***Litigation Actions***") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

9.      **Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable, (iii) co-marketing arrangements and, (iv) vendor provided volume rebates and cash discounts. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not all reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits and allowances.

10.     **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges. To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a designation of "undetermined."

The Debtors intentionally have not included "non-cash" accruals, i.e. accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized the Debtors, among other matters, to (i) continue certain customer practices, (ii) pay certain prepetition wages, salaries, employee benefits and other related obligations, (iii) pay certain prepetition sales, use and other taxes, (iv) make certain critical vendor payments, (v) pay certain prepetition shipping charges and related possessory liens, (vi) pay certain lienholders and (vii) pay franchisee claims.  While the Debtors have made their best efforts to reflect the claims, by vendor or counterparty,

net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements. Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

To the extent any employees have been paid or will be paid in accordance with the Bankruptcy Court's order they have not been listed.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.

11.    **Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common to the retail industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

12.    **Employee Claims.** The Bankruptcy Court entered a final order granting authority to, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and therefore, the Schedules and Statements do not include such claims. Notwithstanding the foregoing, the Debtors reserve their rights to

(i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.

13. **Addresses of Employees.**    The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible or alternatively have indicated "Address on File" to protect the privacy of the Debtors' employees. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

14. **Intercompany Items.**    Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B-11 and Schedule E/F, respectively, per the Debtors' unaudited books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes. Due to historical accounting practices, the Debtors may have been unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates. As a result, the intercompany balances listed on Schedules E/F or A/B may vary from the Debtors' audited financial statements. These balances have been calculated consistent with historical practice. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional balances are identified.

## Schedules

### Schedule A/B – Real and Personal Property

Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Orders (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (B) Authorizing Continuation of Existing Deposit Practices, (C) Authorizing Continuation of Intercompany Transactions, and (D) Granting Administrative Claim Status to Postpetition Intercompany Claims* [Docket No. 17] (the "**Cash Management Motion**") and the interim order [Docket No. 132] and final order [Docket No. 497] granting the relief requested in the Cash Management Motion.  A full schedule of the Debtors' bank accounts is included in the Cash Management Motion. The Debtors' cash balances are listed as of the Petition Date, June 23, 2020.

Schedule A/B, Part 7 - Deposits, including security deposits and utility deposits.  The Bankruptcy Court entered that certain *Interim Order (A) Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (B) Approving Deposit as Adequate Assurance of Payment, (C) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, and (D) Authorizing Payment of Any Prepetition Service Fees* [Docket No. 123] on June 25, 2020, and that certain *Final Order (A) Prohibiting*

*Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (B) Approving Deposit as Adequate Assurance of Payment, (C) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, and (D) Authorizing Payment of Any Prepetition Service Fees* [Docket No. 501] on July 21, 2020, authorizing the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $974,000. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of Petition Date. The Debtors' deferred compensation program includes investments that are maintained outside of the Debtor's possession in an account maintained by a Rabbi Trust.

Schedule A/B, Part 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent. For GNC Holdings, Inc., the amounts listed do not include prepayments for Employees related to future services.

Schedule A/B, Part 9 – Charitable contributions. The identified charitable contributions represent the contributions that the Debtors track, however, the Debtors also give away miscellaneous items in the ordinary course of business that are not tracked and are therefore not included in the schedule. In addition, in some instances the company collects charitable contributions from third parties for donation to charity. These collections and distributions are not identified.

Schedule A/B, Part 11. Intercompany Notes between Debtors relating to:

(i) the Note between GNC Parent LLC and GNC Funding, Inc., for a principle amount of $622,108,698. A payment of $148,553,512 on the intercompany loan was made on February 13, 2019, in connection with transferring proceeds from GNC Holdings, Inc. down to General Nutrition Centers, Inc.;

(ii) the Note, dated as of September 8, 2015, by and between the GNC Holding, Inc. and GNC Nutrition Centers, Inc., for a principle amount of $164,300,000. A payment of $19,679,227 on the intercompany loan was made on June 4th, 2019 in connection with transferring convertible debt repurchase proceeds from GNC Holdings, Inc. down to General Nutrition Centers, Inc., and

(iii) the Historical loan between General Nutrition Centers, Inc. and GNC Nutrition Centres Company for the launch of GNC Canada. All other intercompany transactions are listed on Schedule A/B, Part 11. Question 17 and Schedule E/F Part 2 as applicable

Schedule A/B, Part 15 - Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture. The Debtors' ownership interests in their subsidiaries and joint ventures are shown at net book value. The Debtors have not performed a valuation regarding such ownership interests.

Schedule A/B, Part 21 - Finished goods, including goods held for resale. Inventory is shown as of the Petition Date and includes capitalized freight and overhead, any consigned inventory either in our possession, as well as inventory adjustments. Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.

Schedule A/B, Part 25 - Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?  The amount listed represents receipts of inventory in the 20 days prior to the Petition Date (other than inventory received under a consignment arrangement), which is not necessarily consistent with the date of purchase.  In addition, there can be no assurance that a portion of these receipts were not sold to third parties or transferred prior to the Petition Date.

Schedule A/B, Part 39-45 – Office Furniture, Fixtures, and Equipment; and Collectibles. Dollar amounts are presented net of accumulated depreciation and other adjustments.

Schedule A/B, 54-58 Real property is reported at book value, net of accumulated depreciation on buildings and improvements. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

All store leases are included in the valuation on Schedule A/B and listed individually on Schedule G, regardless of whether such lease is considered an executory contract or an interest in real property in the relevant jurisdiction. The Debtors' inclusion of such leases and agreements on Schedules A/B and G is not indicative of whether the Debtors consider such leases and agreements unexpired leases or executory contracts.

Schedule A/B, Part 61 – Domain names and websites – The Debtors own almost 580 URL names, the majority of which are not in use. The Debtors have not listed all the URL names but retain their ownership rights over these assets.

Schedule A/B, Part 65 - Goodwill.  The amount listed as General Nutrition Corporation's goodwill reflect the results of General Nutrition Corporation's annual goodwill impairment analysis.

Schedule A/B, Part 72 - Tax refunds and unused net operating losses (NOLs).  The Debtors update NOLs annually when tax returns are filed.  The Debtor's NOL estimate is as of year-end 2019 since the Debtors will not file 2019 tax returns until the fall of 2020. The amounts listed for state and federal NOLs include estimates based on book income.

Schedule A/B, Part 74 and 75 – Causes of action and other claims.  The Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer action were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Schedule A/B, Part 77 - Other property of any kind not already listed. Third party inventory from US vendors to Canada, intercompany receivable transactions, including periodic dividend payment from non-Debtor GNC Korea Limited to Debtor General Nutrition Corporation and intercompany notes are listed on Schedule A/B Part 11.

Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

## Schedule D – Creditors Holding Claims Secured by Property

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserves all rights as set forth in these Global Notes.

## Schedule E/F – Creditors Holding Unsecured Claims

Pursuant to the *Interim Order Authorizing the Payment of Prepetition Taxes and Fees* [Docket No. 122] and the *Final Order Authorizing the Payment of Prepetition Taxes and Fees* [Docket No. 475] (together, the "***Taxes Orders***"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Orders are not listed on Schedule E.  However, the Debtors do list any ongoing tax audits and

unclaimed property. The Debtors have made a reasonable effort to list all known taxing authorities. The Debtors acknowledge the possibility that information related to material tax accruals may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

Furthermore, pursuant to the *Interim  Order (A) Authorizing Payment of Certain Prepetition Workforce Obligations, (B) Authorizing Continuance of Workforce Programs, (C) Authorizing Payment of Withholding and Payroll-Related Taxes, and (D) Authorizing Payment of Prepetition Claims Owing to Workforce Program Administrators or Providers* [Docket No. 130] and the *Final Order (A) Authorizing Payment of Certain Prepetition Workforce Obligations, (B) Authorizing Continuance of Workforce Programs, (C) Authorizing Payment of Withholding and Payroll-Related Taxes, and (D) Authorizing Payment of Prepetition Claims Owing to Workforce Program Administrators or Providers* [Docket No. 495], the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims/claimants. Specifically, as of Petition Date, the Debtors estimated liabilities for the outstanding myGNC Rewards, PRO Access, store gift cards.  Under the *Final Order Authorizing the Debtors to (I) Maintain and Administer Prepetition Customer Programs and (II) Pay Prepetition Obligations Related Thereto* [Docket No. 466] (the "**Customer Programs Order**") entered on July 20, 2020, the Debtors' have the authority to honor such customer programs and intend to do so.  The myGNC Rewards and Pro Access programs include approximately twenty million and eight hundred thousand members as of the Petition Date, respectively. Debtors do not track and have no information about the holders of gift cards. As a result, such liabilities for valid, prepetition outstanding gift card balances, myGNC Rewards and Pro Access are listed in aggregate totals on Schedule E/F.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be rejected in these chapter 11 cases or, in the case of General Nutrition Centres Company, the CCAA proceeding.

26804063.1

Item 4 – Others to be notified.  The Debtors have listed their known creditors in Schedule E/F.  To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' chapter 11 cases and are not separately listed in Item 4.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

## Schedule H - Co-Debtors

The Debtors have listed their prepetition debt as co-Debtor obligations on Schedule H. More information about the Debtors' prepetition debt is contained in the *Motion of the Debtors for Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Cash Collateral of Prepetition Secured Parties, (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (III) Granting Related Relief* [Docket No. 18].  The Debtors reserve all rights to amend Schedule H to the extent that guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements are identified. The Debtors have not listed any litigation-related co-defendants on Schedule H. Instead, all cross-claims affirmatively asserted by co-defendants, other than cross-claims that may have been "deemed" asserted against the Debtors and/or asserted solely as a procedural matter, can be found on Schedule E/F.

26804063.1

# Statements

Question 1 - Gross revenue from business.  Revenue encompasses customer transactions related to retail product sales, consignment sales, wholesale sales, franchise support, license fees, advertising, shipping and other miscellaneous revenue. As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, and shipping and handling.

Question 2 – Non-business revenue.  Non-business revenue includes such items as royalty income and domestic and international franchise fees.

Question 4 – Payments or other transfers of property made within 1 year before filing that benefitted any insider.  Certain directors and executive officers of the Company are also directors and executive officers of certain of the Company's Debtor and non-Debtor affiliates. To the extent payments to such individuals are not listed in the response on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or executive officers of these entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed reflect the gross amounts paid to such directors and executive officers rather than the net amounts after deducting for tax withholdings.

As noted on Footnote 10 of the *Motion of Debtors for Orders (A) Authorizing Payment of Certain Prepetition Workforce Obligations, (B) Authorizing Continuance of Workforce Programs, (C) Authorizing Payment of Withholding and Payroll Related Taxes, and (D) Authorizing Payment of Prepetition Claims Owing to Workforce Program Administrators* [Docket No. 18], the Debtors paid retention bonuses to certain Insider and non-Insider Employees on or about June 19, 2020. These payments to insiders are reflected in both Question 4 and Question 30.

Intercompany transactions are also listed to show transactions between both Debtor and Non-Debtor subsidiaries as applicable.  The value of such transactions is recorded through intercompany accounts, which are reflected as the net change each month during the one-year period.  A positive change on one Debtor's intercompany account will be counter-balanced with a negative change on the counterparty Debtor's intercompany account.  As a result, Question 4 may include intercompany accounts that have both positive and negative changes.  In addition, for the sake of completeness and out of an abundance of caution, the Debtors have listed transfers regardless of dollar value in their response to Question 4. The amounts listed reflect the gross amounts paid to such directors and executive officers rather than the net amounts after deducting for tax withholding.

For clarity, payments to insiders are also listed on Question 30.

Question 6 - Setoffs.  For a discussion of setoffs and nettings incurred by the Debtors, refer to prior Application of Vendor Credits and Setoff paragraphs of these Global Notes.

Question 9 - List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.  "Dates Given" reflects either the date the gift was made or the date of the acknowledgement letter, depending on available information.

26804063.1

Question 10 – All losses from fire, theft, or other casualty within 1 year before filing this case.  The Debtors have included events that are not routine to the day-to-day operations of the business.  Ordinary course shrink is not reflected in the Statements.

Question 11 - Payments related to bankruptcy.  The Debtors disbursements were made by General Nutrition Centers, Inc.  As a result, payments related to bankruptcy are reflected on the Statement of General Nutrition Centers, Inc. only, but were made on behalf of all of the Debtors.

Question 12 - Self-settled trusts of which the debtor is a beneficiary.  While the Debtors do not have any self-settled trusts, they are associated with other non-self-settled trusts, including those related to the deferred compensation plan.

Question 14 - Previous Addresses.  Due to the voluminous nature of the Debtors' store base and the undue burden involved in identifying and documenting all changes to store addresses over the last three years, the Debtors have not included store or distribution center addresses in the Statements.

Question 20 - Off-premises storage.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks or in warehouses where they may be temporarily stored during the transport process.

Question 21 - Property held for another.  As of Petition Date, the Debtors were in possession of sample merchandise and other materials for Pro Box members.  Under the Customer Program Order, the Debtors' have the authority to honor such customer programs and intend to do so.  As a result, such deposits are not included.

Question 22 - Has the debtor been a party in any judicial or administrative proceeding under any environmental law?  The Debtors have not been involved in any significant environmental proceedings; however, the Debtors, since the advent of Proposition 65 in the State of California, have been involved in numerous actions thereunder, all of which are limited in nature.  Proposition 65 is limited to California, therefore, the Debtor's exposure relates only to store operations within California.

Question 26 - Books, Records and Financial Statements.  Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, GNC Holdings, Inc. has filed with the U.S. Securities and Exchange Commission (the "*SEC*") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company's website at https://gnc.gcs-web.com/financials/sec-filings. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors. In addition, in the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists or other records tracking such disclosures. As such, the Debtors have not provided full lists of these parties in their response to Statement Question 2

Question 27 - Have any inventories of the debtor's property been taken within 2 years before filing this case?  The Debtors inventory product at their various store locations on a regular basis. In an effort to reduce the amount of disclosures that would be otherwise applicable—disclosures that could name thousands of store-level managers—the Debtors have only listed the General Nutrition Centers, Inc. Inventory Manager in response to Statements, Part 13, Question 27.

Question 30 - Payments, distributions, or withdrawals credited or given to insiders.  For a discussion of payments made to insiders by the Debtors, refer to Question 4 paragraph of these Global Notes.

*      *      *      *      *

| Fill in this information to identify the case: |
| --- |

Debtor name   **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **20-11670**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*......................................................................   $   **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..................................................................   $   **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*....................................................................   $   **0.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................   $   **760,368,532.07**

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................   $   **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................   +$   **158,909,145.20**

4.   Total liabilities ......................................................................................................
   Lines 2 + 3a + 3b   $   **919,277,677.27**

**Fill in this information to identify the case:**

Debtor name        **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11670**

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **JPMorgan Chase Bank** | **GNC International Holdings Inc.** | 8812 | $0.00 |

4.        **Other cash equivalents** *(Identify all)*

5.        **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $0.00 |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. **Does the debtor own any investments?**

☐ No.  Go to Part 5.
☐ Yes Fill in the information below.

Debtor   **GNC International Holdings, Inc.**                          Case number *(If known)*  **20-11670**
         Name

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.   **Mutual funds or publicly traded stocks not included in Part 1**
      Name of fund or stock:

15.   **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
      Name of entity:                                    % of ownership

|   | | | | | | |
|---|---|---|---|---|---|---|
| 15.1. | **GNC Jersey One Limited** | **100%** | % | **None** | | **Unknown** |
| 15.2. | **GNC South Africa (Pty) Ltd.** | **100%** | % | **None** | | **Unknown** |
| 15.3. | **GNC Canada Holdings, Inc.** | **100%** | % | **None** | | **Unknown** |

16.   **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
      Describe:

17.   **Total of Part 4.**                                                                    **$0.00**
      Add lines 14 through 16.  Copy the total to line 83.

**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:**   **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**   **Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 2

Debtor    **GNC International Holdings, Inc.**    Case number *(if known)* **20-11670**
_____
Name

☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71.     **Notes receivable**<br>Description (include name of obligor) | |
| 72.     **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73.     **Interests in insurance policies or annuities**<br>**US Specialty Insurance Company - U720-85202 - Special Crime - Primary $10** | Unknown |
| **Sentry Casualty Company - 90-05341-01 - Workers Compensation AOS** | Unknown |
| **Sentry Casualty Company - 90-05341-02 - Workers Compensation HI and WI** | Unknown |
| **Sentry Insurance a Mutual Company - 90-05341-03 - Business Auto** | Unknown |
| **Sentry Insurance a Mutual Company - 90-05341-04 - Business Auto - MA** | Unknown |
| **Federal Insurance Company - 7498-01-84 - Products Liability** | Unknown |
| **Lloyd's through RT Specialty - LSR-XS-00475-19 - Excess Liability** | Unknown |
| **National Fire & Marine Ins. Co. - 42-XSF-100394-06 - Excess Liability - Berkshire Hathaway** | Unknown |
| **Great American Ins. Co. of NY - EXC 2969789 - Excess Liability - Products Liability** | Unknown |

Debtor    __GNC International Holdings, Inc._____    Case number *(If known)* __20-11670__
                Name

| | |
|---|---|
| Columbia Casualty  - ADE 2067457946 - Excess Liability Products Liability - $10M X $65M | Unknown |
| Lloyd's  - 17976U19 - Excess Liability | Unknown |
| Lloyd's  - 17974U19 - Excess Liability | Unknown |
| Lloyd's - 17975U19*(Directly Procured) - Excess Liability | Unknown |
| Chubb Bermuda - GNC-2109/CMOCC01 - Excess Liability - Chubb Bermuda | Unknown |
| Federal Insurance Company - 7498-01-83 - Commercial General Liability | Unknown |
| Great Northern - 3570-34-68 - International Package | Unknown |
| Zurich American Ins. Company - PPR4452262-00 - Commercial Property | Unknown |
| Lloyd's - B080122091M20 - Excess Stock Through Put | Unknown |
| Starr Indemnity & Liability Company - 1000232992-01 - Non-Owned Aircraft Liability | Unknown |
| Beazley Insurance Company, Inc.  - V16770190601 - Cyber Media Liability | Unknown |
| Greenwich Insurance Company  - MTE 9033894 03 - Cyber Excess Liability | Unknown |
| Lloyd's - 20MRSNU51401 - Stock Through Put | Unknown |

74.    **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.    **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

Debtor    **GNC International Holdings, Inc.**                              Case number *(If known)*  **20-11670**
_____
          Name

78.    **Total of Part 11.**                                                                        $0.00
       Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
       ■ No
       ☐ Yes

Debtor **GNC International Holdings, Inc.**        Case number *(If known)* **20-11670**
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*........................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b.  $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

| Fill in this information to identify the case: |
| --- |

Debtor name    **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11670**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ■ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

| 2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- |

| **2.1** | **JPMORGAN CHASE BANK, N.A. AS ADMINISTRAT**<br>Creditor's Name<br><br>**PO BOX 4475**<br>**CAROL STREAM, IL**<br>**60197-4475**<br>Creditor's mailing address<br><br>**ccs-commcard-payments@chase.com**<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** | **Describe debtor's property that is subject to a lien**<br><br>**Describe the lien**<br>**FILO Term Loan (LIBOR + 7.00%)**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$275,000,000.00** | **Unknown** |

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

| **2.2** | **JPMORGAN CHASE BANK, N.A. AS ADMINISTRAT**<br>Creditor's Name<br><br>**PO BOX 4475**<br>**CAROL STREAM, IL**<br>**60197-4475**<br>Creditor's mailing address<br><br>**ccs-commcard-payments@chase.com**<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** | **Describe debtor's property that is subject to a lien**<br><br>**Describe the lien**<br>**$81 million secured revolving credit facility, expires Fiscal 2022 (ABL)**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$60,000,000.00** | **Unknown** |

| Debtor | GNC International Holdings, Inc. | | Case number (if known) | 20-11670 |
|---|---|---|---|---|
| | Name | | | |

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **JPMORGAN CHASE BANK, N.A. AS ADMINISTRAT** | | |
|---|---|---|---|

Creditor's Name

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**

Creditor's mailing address

**ccs-commcard-payments@ chase.com**

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Describe debtor's property that is subject to a lien**          $2,818,776.38          Unknown

**Describe the lien**
**Term Loan Tranche B-2  term loan facility, (LIBOR + 8.75%) - Interest**
**Is the creditor an insider or related party?**

■ No
☐ Yes

**Is anyone else liable on this claim?**

■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.4 | **JPMORGAN CHASE BANK, N.A. AS ADMINISTRAT** | | |
|---|---|---|---|

Creditor's Name

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**

Creditor's mailing address

**ccs-commcard-payments@ chase.com**

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

**Describe debtor's property that is subject to a lien**          $1,563,451.00          Unknown

**Describe the lien**
**FILO Term Loan Swap (LIBOR + 7.00%)**
**Is the creditor an insider or related party?**

■ No
☐ Yes

**Is anyone else liable on this claim?**

■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **JPMORGAN CHASE BANK, N.A. AS ADMINISTRAT** | | |
|---|---|---|---|

**Describe debtor's property that is subject to a lien**          $1,426,027.78          Unknown

---

Debtor  **GNC International Holdings, Inc.**                                      Case number (if known)  **20-11670**
_____                                         _____
Name

Creditor's Name
_____

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**
_____     _____
Creditor's mailing address

**ccs-commcard-payments@**                   Describe the lien
**chase.com**                                **FILO Term Loan (LIBOR + 7.00%) - Interest**
_____      _____
Creditor's email address, if known           Is the creditor an insider or related party?

                                             ■ No
                                             ☐ Yes

**Date debt was incurred**                   Is anyone else liable on this claim?

                                             ■ No
**Last 4 digits of account number**          ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an**            **As of the petition filing date, the claim is:**
**interest in the same property?**           Check all that apply

■ No                                         ☐ Contingent
☐ Yes. Specify each creditor,                ☐ Unliquidated
including this creditor and its relative      ☐ Disputed
priority.

---

| 2.6 | **JPMORGAN CHASE BANK,** **N.A. AS ADMINISTRAT** | Describe debtor's property that is subject to a lien | $524,333.33 | Unknown |

Creditor's Name
_____

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**
_____     _____
Creditor's mailing address                   Describe the lien

**ccs-commcard-payments@**                   **FILO Term Loan Swap (LIBOR + 7.00%) -**
**chase.com**                                **Interest**
_____      _____
Creditor's email address, if known           Is the creditor an insider or related party?

                                             ■ No
                                             ☐ Yes

**Date debt was incurred**                   Is anyone else liable on this claim?

                                             ■ No
**Last 4 digits of account number**          ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an**            **As of the petition filing date, the claim is:**
**interest in the same property?**           Check all that apply

■ No                                         ☐ Contingent
☐ Yes. Specify each creditor,                ☐ Unliquidated
including this creditor and its relative      ☐ Disputed
priority.

---

| 2.7 | **JPMORGAN CHASE BANK,** **N.A. AS ADMINISTRAT** | Describe debtor's property that is subject to a lien | $524,238.30 | Unknown |

Creditor's Name
_____

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**
_____     _____
Creditor's mailing address                   Describe the lien

**ccs-commcard-payments@**                   **$81 million secured revolving credit facility,**
**chase.com**                                **expires Fiscal 2022 (ABL) - Inter**
_____      _____
Creditor's email address, if known           Is the creditor an insider or related party?

                                             ■ No
                                             ☐ Yes

**Date debt was incurred**                   Is anyone else liable on this claim?

                                             ■ No
                                             ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Debtor  **GNC International Holdings, Inc.**
_____
Name

Case number (if known)  **20-11670**
_____

Last 4 digits of account number

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.8 | **JPMORGAN CHASE BANK, N.A., AS ADMINISTRA** | | |
|---|---|---|---|

Creditor's Name

**PO BOX 4475
CAROL STREAM, IL
60197-4475**

Creditor's mailing address

Describe debtor's property that is subject to a lien          **$410,833,804.39**          **Unknown**

Describe the lien
**Term Loan Tranche B-2  term loan facility, (LIBOR + 8.75%)**

Is the creditor an insider or related party?

**ccs-commcard-payments@
chase.com**

Creditor's email address, if known

■ No
☐ Yes

Is anyone else liable on this claim?

Date debt was incurred

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account number

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.9 | **JPMORGAN CHASE BANK, N.A., AS ADMINISTRA** | | |
|---|---|---|---|

Creditor's Name

**PO BOX 4475
CAROL STREAM, IL
60197-4475**

Creditor's mailing address

Describe debtor's property that is subject to a lien          **$7,426,387.00**          **Unknown**

Describe the lien
**Term Loan Tranche B-2  Swap, (LIBOR + 8.75%)**

Is the creditor an insider or related party?

**ccs-commcard-payments@
chase.com**

Creditor's email address, if known

■ No
☐ Yes

Is anyone else liable on this claim?

Date debt was incurred

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account number

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.10 | **JPMORGAN CHASE BANK, N.A., AS ADMINISTRA** | | |
|---|---|---|---|

Describe debtor's property that is subject to a lien          **$251,513.89**          **Unknown**

Debtor   **GNC International Holdings, Inc.**
_____
Name

Case number (if known)   **20-11670**
_____

_____
Creditor's Name

**PO BOX 4475**
**CAROL STREAM, IL**
**60197-4475**
_____
Creditor's mailing address

**ccs-commcard-payments@chase.com**
_____
Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe the lien**
**Term Loan Tranche B-2  Swap, (LIBOR + 8.75%) - Interest**
_____
**Is the creditor an insider or related party?**

■ No

☐ Yes

**Is anyone else liable on this claim?**

■ No

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

3.  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    | $760,368,532.07 |

---

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

---

**Fill in this information to identify the case:**

Debtor name    **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11670**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:     List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☑ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:     List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address<br>**BNY MELLON TRUST COMPANY, N.A., AS THE<br>TRUSTEE<br>PO BOX 4475<br>Carol Stream, IL 60197**<br><br>Date(s) debt was incurred  **Convertible Notes - 8/10/2015 - Interest**<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$847,257.20** |
| **3.2** Nonpriority creditor's name and mailing address<br>**BNY MELLON TRUST COMPANY, N.A., AS THE<br>TRUSTEE<br>PO BOX 4475<br>Carol Stream, IL 60197**<br><br>Date(s) debt was incurred  **Convertible Notes - 8/10/2015**<br><br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$158,061,888.00** |

### Part 3:     List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
|  |  |  |

### Part 4:     Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a.    $ | **0.00** |
| **5b. Total claims from Part 2** | 5b.  + $ | **158,909,145.20** |

Debtor  **GNC International Holdings, Inc.**
_____
Name

Case number (*if known*)  **20-11670**
_____

**5c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

5c.    $ _____ **158,909,145.20**

**Fill in this information to identify the case:**

Debtor name   **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **20-11670**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal* *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name    **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11670**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- | --- |
| **Name** | **Mailing Address** | | **Name** | *Check all schedules that apply:* |
| 2.1   **See Schedule H Attachment** | | | | ■ D _____ <br> ■ E/F _____ <br> ☐ G _____ |

*In re GNC Holdings, Inc., et al.*, Case No. 20-11662
**Schedule H:  Codebtors**

| ABL Revolving Credit Facility / FILO Term Loan Facility / Term Loan Facility | |
| --- | --- |
| **Role** | **Debtor Entity** |
| Borrower | General Nutrition Centers, Inc. |
| Guarantor | GNC Corporation |
| Guarantor | General Nutrition Corporation |
| Guarantor | General Nutrition Investment Company |
| Guarantor | Lucky Oldco Corporation |
| Guarantor | GNC Funding Inc. |
| Guarantor | GNC International Holdings, Inc. |
| Guarantor | GNC Government Services, LLC |
| Guarantor | GNC Canada Holdings, Inc. |
| Guarantor | General Nutrition Centres Company |

| Convertible Senior Notes | |
| --- | --- |
| **Role** | **Debtor Entity** |
| Issuer | GNC Holdings, Inc. |
| Guarantor | GNC Parent LLC |
| Guarantor | GNC Corporation |
| Guarantor | General Nutrition Centers, Inc. |
| Guarantor | General Nutrition Corporation |
| Guarantor | General Nutrition Investment Company |
| Guarantor | Lucky Oldco Corporation |
| Guarantor | GNC Funding Inc. |
| Guarantor | GNC International Holdings, Inc. |
| Guarantor | GNC Government Services, LLC |
| Guarantor | GNC Canada Holdings, Inc. |
| Guarantor | General Nutrition Centres Company |

**Fill in this information to identify the case:**

Debtor name    **GNC International Holdings, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **20-11670**

☐ Check if this is an
    amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 21, 2020**     X **/s/ Tricia Tolivar**
                                       Signature of individual signing on behalf of debtor

                                       **Tricia Tolivar**
                                       Printed name

                                       **Authorized Signatory**
                                       Position or relationship to debtor